UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUTATION.COM, INC.,<br>     Plaintiff,<br>v.<br>MICHAEL MULLARKEY,<br>     Defendant. | Case No. 21-cv-07340-HSG<br>**ORDER GRANTING MOTION TO SEAL**<br>Re: Dkt. No. 3 |

Pending before the Court is Plaintiff Reputation.com, Inc.'s administrative motion to file under seal portions of the complaint and an attached exhibit. *See* Dkt. No. 3. For the reasons detailed below, the Court **GRANTS** the motion.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6        Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking
7  to file under seal must submit "a request that establishes that the document, or portions thereof, are
8  privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The
9  request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-
10  5(b). Courts have found that "confidential business information" in the form of "license
11  agreements, financial terms, details of confidential licensing negotiations, and business strategies"
12  satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-
13  MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information
14  "prevent[ed] competitors from gaining insight into the parties' business model and strategy");
15  *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.
16  June 30, 2015).

17        Records attached to nondispositive motions must meet the lower "good cause" standard of
18  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
19  tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This
20  requires a "particularized showing" that "specific prejudice or harm will result" if the information
21  is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
22  Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific
23  examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
24  F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.  DISCUSSION**

      Plaintiff seeks to seal a merger agreement and excerpts of the agreement that are quoted in
the complaint. *See* Dkt. No. 3. Because the complaint is the pleading on which this action is

2

1   based, the Court applies the "compelling reasons" standard.  *See, e.g.*, *Space Data Corp. v.*

2   *Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018)

3   (finding compelling reasons standard governed motion to seal portions of the complaint); *In re*

4   *NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr.

5   23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed

6   of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

7         The Court did not rely on any of the documents that are the subject of the administrative

8   motion to seal because the parties resolved this action without the Court's intervention.  The

9   parties stipulated to dismiss this case three months after it was filed.  *Compare* Dkt. No. 1, *with*

10  Dkt. No. 19.  Thus, these documents are unrelated to the public's understanding of the judicial

11  proceedings in this case, and the public's interest in disclosure of these documents is minimal.  *See*

12  *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal.

13  Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in

14  light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class

15  Certification.").  Additionally, the documents contain confidential business and financial

16  information relating to the terms of the acquisition.  If public, the terms of the agreement could be

17  used against Plaintiff in future negotiations by potential acquirees or other entities competing

18  against Plaintiff for such opportunities.  *See* Dkt. No. 3-1 at ¶ 4.

19        Accordingly, because the documents divulge confidential business and financial

20  information unrelated to the public's understanding of the judicial proceedings in this action, the

21  Court finds that there is compelling reason to file the documents under seal.  *See Economus v. City*

22  *& Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3,

23  2019) (finding compelling reason to seal because the sealing request divulges sensitive

24  information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe*

25  *v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14,

26  2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling

27  reasons to seal the exhibit).

28  //

### III. CONCLUSION

The Court **GRANTS** the motion. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/30/2022

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge